IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 19-CR-208-GKF |
| Plaintiff, | ) |
| v. | ) |
| PAUL USORO, a/k/a "Daniel Lawson," | ) |
| Defendant. | ) |

## UNITED STATES' SENTENCING MEMORANDUM

### I. INTRODUCTION

The United States of America, by and through Siji Moore, Trial Attorney for the Department of Justice, and Christopher J. Nassar, Assistant United States Attorney for the Northern District of Oklahoma, hereby submits the following sentencing memorandum for consideration by the Court.

Defendants Afeez Adebara, Oluwaseun Ogundele, Paul **USORO**, and Tobiloba Kehinde plead guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Chibozo Obiefuna plead guilty to bank fraud in violation of 18 U.S.C. § 1344(2). Joshua Ditep plead guilty to conspiracy to commit currency structuring in violation of 18 U.S.C. § 371. Defendant Jamiu Ibukun Adedeji plead guilty to conspiracy to commit delay or destruction of the mail in violation of 18 U.S.C. § 371.

### II. STATEMENT IN SUPPORT OF A SENTENCE UNDER 18 U.S.C. § 3553(a)

"A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. U.S., 552 U.S. 38, 49 (2007). "As a matter of

administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id*. In calculating the appropriate advisory guideline range, the district court should consider all relevant conduct proven by a preponderance of the evidence. Relevant conduct under the Guidelines thus "'comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct.'" *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1095 (10th Cir.2007) (*quoting United States v. Allen*, 488 F.3d 1244, 1254-55 (10th Cir.2007)). After determining the applicable advisory Guideline range, the district court must then consider the sentencing factors pursuant to 18 U.S.C. § 3553(a) to shape an appropriate sentence.

Pursuant to 18 U.S.C. § 3553(a) and Section 6A1.2 of the Sentencing Guidelines and Policy Statements, the United States hereby represents that it has reviewed the Probation Office's presentence report in this matter, and that it does not dispute any of the facts or factors set out therein.

    a. **Nature and Circumstances of the Offense**

Beginning in at least 2016 through at least January 2019, ADEBARA, OGUNDELE, DITEP, **USORO**, OBIEFUNA, ADEDEJE, KEHINDE, engaged in a conspiracy to launder the proceeds of a romance fraud scheme. As part of this conspiracy, defendant's co-conspirators (1) targeted victims on websites such as Match.com; (2) established purported relationships with victims by misrepresenting their identities and offering false promises; and (3) induced the victims to send money and property for the co-conspirators' personal gain. Defendants then concealed the money

and property by depositing it into accounts belonging to the co-conspirators.

The co-conspirators "met" victims on dating websites and social media platforms. The co-conspirators created profiles using fake names, locations, images, and personas. The co-conspirators claimed to be residents of the United States working abroad. Once the co-conspirators had established relationships with the victims, they claimed to have encountered a financial crisis for which they needed the victims to provide funds or to conduct transactions on behalf of the coconspirators. The co-conspirators promised to repay the victims and claimed that these funds were necessary to complete their work or to help the co-conspirators return to the United States, among other things. The first requests were typically for smaller items, such as an iTunes gift card or cellphones. Over time, the co-conspirators would seek ever larger sums of money, sometimes tens of thousands of dollars or more, from victims.

The co-conspirators provided victims with account information and addresses in the United States to send the money or property. On the instructions of the co-conspirators, victims sent funds by electronic funds or wire transfer and submitted cash and money orders through the U.S. mail or other commercial carrier, for example, FedEx. The co-conspirators sent members of the organization to receive packages, make deposits into accounts controlled by the co-conspirators, and further disseminate the funds in smaller amounts to other members of the conspiracy, in order to conceal the true nature of the funds.

b. **History and characteristics of the defendant**

Defendant does not have a criminal history.

c. **The need for the sentence to reflect seriousness of the offense, respect for the law, provide just punishment, deter future criminal conduct by defendant and others, and to protect the public from further crimes of the defendant**

In an effort to abate similar conduct in the future, this Court should impose a sentence that will serve as a warning to individuals considering similar conduct. A sentence that includes incarceration will deter comparable activities by sending the message that such behavior is unacceptable and will be adjudicated harshly within the Northern District of Oklahoma and the Tenth Circuit. Based on the nature of Defendant's crimes and conduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with an interest in financial fraud. The exploitation of vulnerable victims for financial gain cannot be tolerated in our society.

## III. CONCLUSION

Defendant's criminal actions caused substantial damage to vulnerable victims. A custodial sentence will deter future criminal acts and protect the public. Such a sentence is also needed to emphasize the seriousness of the offense, promote respect for the law, and provide well-deserved and just punishment to Defendant.

Respectfully submitted,

CLINTON J. JOHNSON
ACTING UNITED STATES ATTORNEY

*/s/ Christopher J. Nassar*
Christopher J. Nassar, OBA #31167
Assistant United States Attorney
Babasijibomi Moore
Trial Attorney
110 West Seventh Street, Suite 300
Tulsa, OK  74119
Telephone:  918.382.2700
Facsimile:  918.560.7939

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing under seal and emailed to counsel for the defendant.

*/s/ Christopher J. Nassar*
Christopher J. Nassar
Assistant United States Attorney